**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SCOOTERS OF CHARLESTON,
INCORPORATED,
<u>Plaintiff-Appellant,</u>

v.

CITY OF CHARLESTON, SOUTH
CAROLINA; JOE RILEY; RICHARD C.

HAGERTY, M.D.; JEROME KINLOCH;
JAMES LEWIS, JR.; HILDA HUTCHINSON
JEFFERSON; BRENDA C. SCOTT; LOUIS
WARING; YVONNE EVANS; MARY R.
ADER; LARRY SHIRLEY; GREG HART;
JOHN D. THOMAS, M.D.,
<u>Defendants-Appellees.</u>

No. 98-2058

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CA-97-1532-2-18)

Argued: June 7, 1999

Decided: June 30, 1999

Before MURNAGHAN, NIEMEYER, and LUTTIG, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Thomas R. Goldstein, BELK, COBB, CHANDLER &
GOLDSTEIN, P.A., Charleston, South Carolina, for Appellant. Wil-

liam B. Regan, REGAN & CANTWELL, Charleston, South Carolina; Sandra Jane Senn, Charleston, South Carolina, for Appellees. **ON BRIEF:** Stephanie B. McDonald, Charleston, South Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Scooters of Charleston, Incorporated, challenges the district court's grant of summary judgment to appellees City of Charleston, its mayor, and its council members on the ground that appellant lacked standing in its constitutional challenge to a city ordinance. We agree with appellant, and therefore vacate the judgment of the district court and remand for further proceedings as necessary.

In 1995, appellant began operating a short-term moped-rental business from a lot on Market Street in downtown Charleston, South Carolina. Appellant operated the only such business in downtown Charleston. On July 16, 1996, appellee City of Charleston adopted a zoning ordinance prohibiting the short-term rental of mopeds within a prescribed area of downtown Charleston, which included appellant's Market Street location, and providing that any ongoing moped rental should cease by December 31, 1996. In September 1996, appellant ceased operations at the Market Street location and terminated its lease. In January 1997 -- after the zoning ordinance would have come into effect as against appellant at the Market Street location -- appellant applied to renew its previous business license to operate its moped business, this time at a new location on Guignard Street, which is also within the area prescribed by the zoning ordinance. The application was erroneously approved, but the renewed license was quickly revoked. Appellant then commenced this action, alleging that the ordinance was unconstitutional on a number of grounds. The dis-

2

trict court granted summary judgment to appellees on the ground that, because appellant closed its Market Street location before the ordinance came into effect -- apparently for reasons unrelated to the ordinance -- it stood in the same position as any other member of the public when applying for a license to rent mopeds and therefore lacked standing to challenge the ordinance.

In so concluding, the district court evidently erred. Regardless of whether appellant had previously operated a moped-rental business at all, much less whether (or why) it had closed down its business at another location, it had standing because it, as an applicant denied a license on grounds of the challenged ordinance, thereby met the constitutional requirements of injury, causation, and redressability. See, e.g., Lujan v. Defenders of Wildlife , 504 U.S. 555, 560-61 (1992). Appellant suffered an injury that was both "concrete and particularized" and "actual or imminent," id. at 560: namely, it suffered from an inability to operate its moped-rental business. Appellant's injury was sufficiently particularized because appellant was the only party that sought a license to operate such a business, and indeed appears to have been the target of the ordinance in the first place. Appellant's injury also was "fairly traceable" to the challenged conduct, id.: namely, the challenged conduct -- the Charleston ordinance -- was directly responsible for the city's refusal to issue appellant a license, which in turn resulted in appellant's inability to operate its business. The mere fact that appellant had temporarily closed its moped business and was seeking to move it to a different location is irrelevant, since the sole reason that appellant was unable to reopen its business at the new location was the city's denial of its application to renew its license. Finally, appellant's injury would likely be redressed by a favorable decision, id. at 561: namely, a decision striking down the ordinance, as requested, would allow appellant to obtain a license and thus to operate its moped-rental business.

The district court's decision granting appellees' motion for summary judgment is hereby vacated, and the case remanded for further proceedings.

VACATED AND REMANDED

3